**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Braulio GONZALEZ–PENA,**
**Defendant–Appellant.**

No. 01–30457.

D.C. No. CR–01–00219–TSZ.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 9, 2002.\*

Decided Sept. 17, 2002.

Before HUG, O'SCANNLAIN and TASHIMA, Circuit Judges.

MEMORANDUM \*\*

Braulio Gonzalez–Pena appeals his 46–month sentence imposed following a guilty plea conviction for distribution of heroin in violation of 21 U.S.C. §§ 841(a)(1) and

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

841(b)(1)(B), and 18 U.S.C. § 2. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review for clear error a district court's determination of whether defendant is a minor or minimal participant under U.S.S.G. § 3B1.2, *United States v. Madera–Gallegos,* 945 F.2d 264, 269 (9th Cir.1991), and we affirm.

Gonzalez–Pena contends that the district court erred by refusing to give him a four-level downward adjustment for "minimal" participation, instead of the two-level downward adjustment for "minor" participation. "The defendant has the burden of proving that he is entitled to a downward adjustment based on his role in the offense by a preponderance of the evidence." *United States v. Davis,* 36 F.3d 1424, 1436 (9th Cir.1994). Contrary to Gonzalez–Pena's contentions, the district court's findings are supported by the record and are not clearly erroneous. *See Madera–Gallegos,* 945 F.2d at 269 (concluding that wife and partner of heroin dealer was a minor, but not minimal participant where she retrieved a drug sample, and gave it to her husband, who gave it to the undercover agent).

**AFFIRMED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).